## Commonwealth *v.* Nolf, Appellant.

Argued March 19, 1948. Before Rhodes, P. J., Hirt, Reno, Dithrich, Ross, Arnold and Fine, JJ.

*Everett Kent,* with him *J. D. Jiroliano,* for appellant.

*Lewis R. Long,* Special District Attorney, with him *Jacob A. Raub,* District Attorney, for appellee.

OPINION BY HIRT, J., May 19, 1948:

The defendant was tried on two bills of indictment. By direction of the court he was acquitted on one of them charging involuntary manslaughter. The jury convicted him generally on the three counts of the other bill, which in substance charged that he failed to stop his automobile at the scene of an accident in which he was involved and to render assistance to one Walter William Herman who was fatally injured. The convictions were of a single misdemeanor under Section 1025 of The Vehicle Code, as amended June 29, 1937, P. L. 2329, 75 PS 634. Motions in arrest of judgment and for a new trial were refused and sentence was imposed. There is no merit in any one of the many errors assigned. All together they raise but few questions. The record is almost unique in that, despite its bulk, there is no dispute as to the facts. The question is whether the guilt of the defendant is a reasonable inference from admitted facts and circumstances.

Shortly after dark in the early evening of November 10, 1947, defendant, with his wife beside him, was driving his automobile northwardly from Easton on Cherry Hill Road. His version of the accident is that at the foot of the hill he "hit something that made a thump on my machine" but that he did not see anyone. He stopped his car, but not until he had proceeded about a mile farther down the road and then, according to his testi-

mony, only to examine his tires. He then drove about seven miles farther on, to his home in Klecknersville. There he examined his car and noted a dent in the right front fender and found that the lens in the right headlight had been shattered. Two men in an automobile proceeding down Cherry Hill, shortly after the time fixed by the defendant, saw a man lying in the concrete gutter on the east side of the highway, later identified as Walter William Herman. He was bleeding from the head and though unconscious, was still alive. An ambulance was summoned but he died before it arrived. The body was removed to an undertaker's establishment in Nazareth. Broken glass from defendant's headlight was found on the highway near where the body lay. At about 11 P.M. that evening defendant again examined the automobile at his home. From the nature of the damage to the car, according to his testimony, he was convinced that he had hit something. With his son-in-law he then drove to Nazareth and on learning of Herman's death proceeded to the barracks of the State Police. Defendant there frankly admitted that he was the driver of the car involved in the accident and, according to officer Wentzell, when told that a charge would be lodged against him, said: "I'm ready to take my medicine".

It was defendant's car that struck Herman and on his own admissions, in the light of the circumstances, the jury hardly could have found that he did not realize that he had been involved in the accident. Defendant's subsequent conduct and the nature of the damage to his car clearly support the finding. The circumstances indicate that Herman was struck with great violence while walking in the highway. Both of his legs were shattered and the force of the impact of the automobile against his body broke the glass of the right headlight and put a dent across the top of the right front fender, three inches deep. Fresh brush marks along the right side and top of the automobile indicate that the body was thrown into the air from the front fender and

along the upper right side of the car to the pavement in the rear. Contact with the car or the fall to the pavement account for Herman's death from a fractured skull and resulting cerebral hemorrhage. The circumstances indicating the violence of the impact, and the nature of decedent's injuries, stamp as incredible defendant's contention that he did not know that he had struck a man in the highway. Defendant failed in the performance of an absolute duty imposed on him by law to stop his car and to render assistance to the injured man. The record is free from error warranting an arrest of judgment and the guilt of the defendant is clearly established by the evidence.

Judge JAMES GAY GORDON of the First Judicial District, presided at the trial, by assignment. Defendant's present contention that he did not receive a fair trial is wholly without merit. The motion for a new trial on that score is unsupported by reference to any specific matter or ruling. The complaints, to adopt Judge GORDON'S language, "amount, taken as a whole, to no more than a blanket charge that the trial was unfair and prejudicial to the defendant". Actually the trial was neither unfair nor prejudicial in any respect. Throughout the trial defendant was given the benefit of every favorable consideration.

Judge GORDON alone heard the arguments and denied defendant's motions in arrest of judgment and for a new trial. There is no merit in the suggestion that one or more judges of the lower court should have sat with him as a court in banc in disposing of these motions. One of them had appeared at the trial as a character witness for the defendant and all three of the lower court judges considered themselves disqualified. Judge GORDON was assigned to preside over the trial and "to determine" the case, and regardless of whether all of the judges of the lower court were actually disqualified it was proper for the trial judge alone to hear and dispose of the motions in arrest of judgment and for a new trial.

There is no statutory requirement nor decision in Pennsylvania that such motions must be heard by a court in banc. *Commonwealth v. Parker et al.,* 294 Pa. 144, 143 A. 904. In that case four defendants were convicted of first degree murder, three of them with the penalty of death. The trial judge alone, without calling in his colleague to sit with him as a court in banc, disposed of the motions for new trials, and imposed sentence on the defendants. The criticism of the practice by the Supreme Court in the *Parker* case has no validity where the conviction is of a misdemeanor such as here involved.

The defendant is a well known and highly respected citizen of Northampton County. He is the present Clerk of the Court of Quarter Sessions in that county. Because of his standing in the community, as attested by the impressive evidence of his good reputation, the trial judge was most lenient in the penalties imposed. He was sentenced to pay a fine of $200 and to undergo imprisonment in the Northampton County Prison for 30 days. There is nothing in this record which will justify our interference with the sentence so imposed. The defendant really has no ground for complaint.

The judgment of sentence is affirmed, and it is ordered that the defendant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentence, or any part of it, which had not been performed at the time the appeal was made a supersedeas.

---

CONCURRING OPINION BY RHODES, P. J.:

There was evidence in this case to the effect that there was a belated realization by defendant that he had been involved in an accident. The jury could have found that there was a sincere attempt by him to disclose any possible participation, and that he did not seek to avoid any responsibility. On the other hand, it was within the province of the jury, on the facts, to infer that there

had been a violation of the law by defendant and that it came within the scope of the indictment. On this appeal much emphasis has been placed on the sentence imposed, and it is urged that it is not consistent with the type of offense with which defendant was charged and convicted. The request for modification of sentence on the ground that it is unduly severe seemingly recognizes the permissibility of the result reached by the jury. In the absence of reversible error this is necessarily so. The extent of the sentence, however, was for the trial judge, and subject to the limitations prescribed by statute, and in the absence of arbitrary or capricious action, the matter is within his discretion.

I therefore concur in sustaining the sentence and judgment.